FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 25 2026
5G
MITCHELL R. ELFERS
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Jane Doe, Plaintiff | CASE NO. 26cv561-JMR<br><br>(To be supplied by the Clerk) |
| National Technology and Engineering Solutions of Sandia, LLC ("NTESS"), doing business as Sandia National Laboratories, Defendant | CIVIL RIGHTS COMPLAINT |

## A. JURISDICTION

1) Jane Doe, is a citizen of Arizona and was employed by Defendant in New Mexico at the time of events in question.

2) Defendant National Technology and Engineering Solutions of Sandia, LLC is a company doing business in Albuquerque, New Mexico, and was the prior employer of Jane Doe at Sandia National Laboratories.

3) Jurisdiction is 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

a) This Court has subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., because Plaintiff exhausted her administrative remedies and received a Right to Sue notice from the Equal Employment Opportunity Commission (EEOC) on 12/17/2025 and this complaint is timely filed within 90 days of receipt.

1

b) This Court has supplemental jurisdiction over related New Mexico state law claims, including, but not limited to, assault, battery, intentional infliction of emotional distress, and other torts arising from the same conduct, pursuant to 28 U.S.C. § 1367.

c) Venue is proper in the United States District Court for the District of New Mexico under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Albuquerque, Bernalillo County, New Mexico, and the Defendant conducts substantial business there.

## B.  NATURE OF THE CASE

1) Plaintiff Jane Doe brings this action against Defendant NTESS/Sandia National Laboratories for sexual assault, sex-based harassment, and hostile work environment, and related New Mexico state law torts.

2) On May 29, 2025, during a work meeting, a Level 1 Manager touched Plaintiff's upper inner thigh multiple times and rubbed her shoulders without consent, in front of colleagues and a government-affiliated contractor. The assault was deliberate, unwelcome, and deeply humiliating, leaving Plaintiff shocked, visibly distressed, and struggling to maintain her professional composure.

3) During the same meeting, the Manager abused his supervisory authority to dismiss and override Plaintiff's legitimate questions and concerns regarding program safety and DFARS compliance, including serious risks associated with laser testing, vendor performance, and contract obligations. The sexual assault was intertwined with this misuse of power, creating a coercive, intimidating, and unsafe environment that sought to silence Plaintiff and diminish her professional standing.

4) The Manager's actions shattered Plaintiff's sense of safety and dignity in her workplace, undermined her leadership role, and caused immediate and ongoing emotional distress,

humiliation, and fear. Plaintiff reported the incident internally. To her knowledge, the Manager no longer occupies his supervisory role, but she is unaware whether he resigned, retired, or was terminated.

5) Plaintiff seeks compensatory and punitive damages, injunctive relief, court fees, and all other appropriate relief. She demands a jury trial but remains open to good-faith settlement discussions.

## C. Cause of Action

1) Plaintiff asserts the following causes of action:

A) Count 1: Sexual Harassment / Hostile Work Environment (Title VII)

Supporting Facts:

- Plaintiff was a female employee and member of a protected class under Title VII, 42 U.S.C. § 2000e et seq.

- Plaintiff was subjected to unwelcome sexual assault, including repeated touching of her upper inner thigh and rubbing of her shoulders by a Level 1 Manager.

- This conduct occurred in the workplace while the Level 1 Manager was acting in his management capacity.

- This conduct created a hostile and abusive work environment, substantially interfered with Plaintiff's ability to perform her duties, undermined Plaintiff's professional standing, and caused significant emotional distress.

- Defendant knew or should have known of the harassment and failed to prevent it in a timely manner.

- Although Defendant later removed the Manager, the corrective action occurred after Plaintiff had already suffered harm.

- As a result, Defendant is liable under Title VII.

B) Count 2: Sex-Based Disparate Treatment, Retaliation Based on Sex, and Abuse of Authority (Title VII)

Supporting Facts:

- Plaintiff is female.

- The Level 1 Manager subjected Plaintiff to unwarranted and disproportionate interference with her professional responsibilities, including dismissing her judgement and asserting coercive control over the program.

- The interference materially altered the terms and conditions of Plaintiff's employment, limited her authority, and damaged her professional standing.

- Similarly situated male employees were not subjected to comparable denigration, hostility, or undermining conduct.

- The differential treatment was based on Plaintiff's sex.

- Defendant failed to take reasonable steps to protect Plaintiff from this abusive conduct, such as ensuring appropriate contract oversight or separating managerial roles, resulting in professional harm and emotional distress.

C) Count 3: Assault and Battery (New Mexico Law)

Supporting Facts:

- The Level 1 Manager intentionally made harmful and offensive physical contact with Plaintiff without her consent, including repeatedly touching her upper inner thigh and rubbing her shoulders during a work meeting.

- The physical contact was uninvited, unwelcome, and occurred in the context of the Manager asserting authority over a contested program, thereby abusing his managerial power.

4

- This unwanted sexual contact caused Plaintiff significant emotional distress, humiliation, and professional harm, including diminished credibility in front of colleagues.
- The conduct was intentionally harmful, offensive, lacked consent, surpassed all bounds of decency, and reasonably caused severe emotional distress to Plaintiff.
- Defendant Sandia National Laboratories is liable for the tortious conduct of its supervisory agent under respondeat superior, negligent supervision, and retention theories, having failed to:
  - Adequately supervise the Manager;
  - Provide proper training and guidance on professional conduct, sexual harassment prevention, and workplace safety; and
  - Take reasonable steps to prevent or control foreseeable harmful behavior, including the sexual assault and abuse of authority described herein.
- Defendant's failures in supervision, training, and prevention were a direct and proximate cause of the harm suffered by Plaintiff, including emotional distress, humiliation, and professional damage, and demonstrate a disregard for the safety and well-being of employees under its authority.

D) Count 4: Intentional Infliction of Emotional Distress (New Mexico Law)

Supporting Facts:

- The Level 1 Manager engaged in extreme and outrageous conduct by repeatedly touching Plaintiff's upper inner thigh and rubbing her shoulders without consent during a work meeting, while asserting authority over a contested program.
- The Manager's actions were intentional and/or reckless, demonstrating a conscious disregard for Plaintiff's safety, dignity, and emotional well-being.

- The sexual assault occurred in front of colleagues and a government-affiliated contractor, amplifying the humiliation, degradation, and emotional distress suffered by Plaintiff.

- The Manager's abuse of authority and sexual assault proximately caused severe emotional distress, including anxiety, shock, humiliation, and ongoing psychological impact, interfering with Plaintiff's ability to perform her professional duties.

- Defendant Sandia National Laboratories is vicariously liable for the Manager's actions and/or directly liable for failing to provide a safe work environment, proper supervision, or training to prevent foreseeable harm.

- As a direct and foreseeable result of the Manager's conduct during Plaintiff's employment, Plaintiff suffered severe emotional harm, reputational damage, and loss of professional standing, which contributed to her decision to resign from Defendant's employment and continues to affect her personal and professional life.

E) Count 5: Negligent Supervision and Retention (New Mexico Law)

Supporting Facts:

- Defendant Sandia National Laboratories knew, or should have known, that the Level 1 Manager posed a risk of abusive conduct. The Level 1 Manager was perceived as abrasive, controlling, and short-tempered, and had a reputation for explosive behavior in the workplace.

- Upon information and belief, Defendant was aware the Manager had prior HR complaints and other professional concerns.

- Defendant failed to adequately supervise, monitor, or control the Manager, including providing proper guidance, training, or oversight to ensure a safe and professional workplace.

- Defendant retained the Manager in a position of authority despite being aware, or reasonably expected to be aware, of the risks posed by his behavior.

- Defendant owed Plaintiff a duty to provide a safe workplace free from foreseeable harm.

- Defendant's failure to act was a direct and proximate cause of the sexual assault, emotional distress, humiliation, and professional harm suffered by Plaintiff.

- By failing to address the Manager's known behavioral issues, Defendant demonstrated negligence in supervision and retention, contributing directly to the hostile, unsafe, and abusive work environment experienced by Plaintiff.

## D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) I have not begun other lawsuits in state or federal court dealing with the same facts involved in this action.

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C.  <u>Yes</u>

If your answer is "Yes", briefly describe how relief was sought and the results.

- Plaintiff reported the Manager's sexual assault and abusive conduct to Sandia HR and management. While the Manager is no longer employed by Defendant, these actions did not remedy the harm suffered by Plaintiff or address the severe emotional distress and professional impact caused by the incidents. Plaintiff also sought to report the incidents to the Department of Energy Office of Inspector General, the base police, and local law enforcement, but was prevented from doing so due to jurisdictional limitations.

## E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Plaintiff respectfully requests that this Court:

    a.  Award compensatory damages for emotional and professional harm caused by the incidents;

    b.  Award punitive damages to deter future misconduct;

    c.  Award court fees, costs, and any other expenses allowed by law;

    d.  Permit Plaintiff to proceed under the pseudonym "Jane Doe" to protect privacy; and

    e.  Grant any other relief the Court deems just and proper.

    f.  Plaintiff further demands a trial by jury on all claims.

    g.  Settlement Note:  Plaintiff remains open to good-faith settlement discussions to resolve this matter amicably but preserves all rights to pursue damages and other relief through litigation if settlement cannot be reached.

*Jane Doe*

Jane Doe, Plaintiff

8

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. Sec. 1746.  18 U.S.C. Sec. 1621.

Executed at Albuquerque, NM on 23 February 2026.

*Jane Doe*

Jane Doe, Plaintiff

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jane Doe

## DEFENDANTS

National Technology and Engineering Solutions of Sandia, LLC

**(b)** County of Residence of First Listed Plaintiff   Arizona
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bernalillo
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | **LABOR** ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e (Title VII)

Brief description of cause:
Sexual Harassment, Retaliation, and Sexual Assault

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD at trial.

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
23 Feb 2026

SIGNATURE OF ATTORNEY OF RECORD
*Jane Doe* (Pro Se)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____