IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff,

v.                                                                                      1:26-cv-00561-JMR[1]

NATIONAL TECHNOLOGY AND ENGINEERING
SOLUTIONS OF SANDIA, LLC ("NTESS"),
d/b/a Sandia National Laboratories,

      Defendant.

## ORDER DEFERRING RULING ON
## PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY
## AND NOTICE REGARDING CASE MANAGEMENT

*Pro se* Plaintiff moves the Court for an order allowing her to proceed under the pseudonym "Jane Doe" stating:

> Plaintiff's real identity is being protected because this action involves allegations of sexual assault. The Defendant, NTESS, is a major employer and government contractor. Public disclosure of Plaintiff's identity in connection with these allegations poses a severe risk of professional retaliation, damage to career reputation, and future employability within the industry. Disclosure of her identity would result in additional emotional distress.

Motion to Proceed Pseudonymously, Doc. 2, filed February 25, 2026.

> "Lawsuits are public events" and "there is no legal right in parties . . . to be allowed anonymity." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (internal quotation marks omitted). "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 5, filed February 25, 2026. Plaintiff has paid the filing fee. *See* Doc. 6, filed February 25, 2026. The undersigned has reviewed the Complaint and the Motion to Proceed Pseudonymously pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 F. App'x. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases;'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016)).

> F.3d at 1246. There is no court rule or statute permitting pseudonymous pleading. *See id.* Rather, Federal Rule of Civil Procedure 10(a) requires the names of all parties to appear in the caption of a complaint, and the title of all other pleadings must name the first party on each side.
>
> But "[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for a party or witness anonymity." *Zavaras*, 139 F.3d at 803 (internal quotation marks omitted). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (internal quotation marks omitted). And "the need for party anonymity [must] outweigh[ ] the presumption of openness." *Id.* (internal quotation marks omitted). "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer*, 227 F.3d at 1246 (internal quotation marks omitted).

*Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023).

A decision on a motion to proceed under a pseudonym "must be based upon informed discretion, after taking all relevant factors into consideration." *Luo v. Wang*, 71 F.4th at 1296–97. Consequently, the Court defers ruling on Plaintiff's Motion to proceed pseudonymously until after Defendant has had an opportunity to file a response. *See, for example, Alejandre-Gallegos v. Holder*, 598 F. App'x. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules").

Plaintiff filed a Sealed Statement in Support of Motion to Proceed Pseudonymously "containing her real identity." Motion at 1; *see* Doc. 4, filed February 25, 2026. The Court notifies Plaintiff:

> Because sealed documents filed in CM/ECF are no longer accessible or viewable electronically, service of those documents can no longer be accomplished through CM/ECF. Parties must serve sealed documents by other appropriate means and as provided by the Federal Rules of Procedure.

2

Administrative Order, No. 25-MC-00004-25

**Notice Regarding Case Management**

    The Court notifies Plaintiff of the following regarding case management.

    Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

    Plaintiff has an obligation to prosecute this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. .App'x. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

    Plaintiff also has an obligation to serve Defendant. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

    Finally, the Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

3

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* FED. R. CIV. P. 11(c).

_____
UNITED STATES MAGISTRATE JUDGE