IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff,

v.                                         1:26-cv-00561-KG-JMR

NATIONAL TECHNOLOGY AND ENGINEERING
SOLUTIONS OF SANDIA, LLC ("NTESS"),
d/b/a Sandia National Laboratories,

      Defendant.

## <u>ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM</u>

THIS MATTER is before the Court on the *pro se* Plaintiff's Motion to Proceed Pseudonymously. Doc. 2. Plaintiff filed a sealed statement in support of the motion, putting her true name on the docket. Doc. 4. Defendant filed a response. Doc. 14. Plaintiff filed a reply. Doc. 16. Having reviewed the motion and the relevant law, the Court hereby GRANTS the motion.

Plaintiff requests to proceed as a Jane Doe because "this action involves allegations of sexual assault." Doc. 2 at 1. She elaborates: "Public disclosure of Plaintiff's identity in connection with these allegations poses a severe risk of professional retaliation, damage to career reputation, and future employability within the industry." *Id.* In addition to proceeding via pseudonym, Plaintiff requests that the Court, "[e]nter a Protective Order prohibiting Defendant and its counsel from disclosing Plaintiff's identity to any third party, or to any employee of NTESS who does not have a direct and specific need to know for the purpose of legal defense. *Id.* Defendant opposes Plaintiff proceeding via pseudonym arguing that Plaintiff's case does not meet the relevant legal standard for anonymity. Doc. 14.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a)

prescribes that "[a]n action must be prosecuted in the name of the real party in interest."

Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the Eleventh Circuit standard, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citation omitted). If the court grants permission, the court often requires the anonymous plaintiff to disclose his or her real name to defendants and to the court under seal while permitting the plaintiff to use a pseudonym in all other filings.

*Id.* If the court does not grant permission, it may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id.*

In this case, the Court will exercise its discretion by allowing Plaintiff to proceed using a pseudonym. Plaintiff met her burden of showing that her need for anonymity outweighs the public interest in favor of openness.

This case is of a "highly sensitive and personal nature," sufficient to justify proceeding via pseudonym. *Femedeer*, 227 F.3d at 1246; *see also Williams v. New Mexico State Univ.*, 348 F.R.D. 694, 700 (D.N.M. 2025) ("[A]llegations of sexual assault are paradigmatic example[s] of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym.") (citation omitted). Plaintiff alleges that her manager at Sandia National Laboratories sexually assaulted and harassed Plaintiff while she was at work. Doc. 1 at 2 ¶ 2. As Defendant explains, sexual assault allegations alone do not automatically entitle a plaintiff to proceed under a pseudonym. *See* Doc. 14 at 4–5. However, Plaintiff's *pro se* workplace sexual assault allegations against a major employer in her specialized field of work sufficiently justify Plaintiff using a pseudonym for this litigation. While Plaintiff is no longer employed at the Sandia National Laboratories, she continues to work "within the specialized, highly interconnected federal contracting and defense ecosystem." Doc. 16 at 5. Plaintiff asserts that publicly disclosing her name will cause her unique professional risks because she continues to work within the "Defense and National Laboratory Sector." *Id.* First, Plaintiff explains that "[p]ublicly linking Plaintiff's name to a sexual assault lawsuit against a major Department of Energy (DOE) contractor risks creating a permanent 'chilling effect' on her future career prospects." *Id.* Plaintiff asserts that "reputation, reliability, and perceived 'suitability' are paramount" in her industry. *Id.* Second, she alleges that being labeled a "Problematic Reporter" of sexual assault allegations will lead to her being "unfairly

3

characterized as 'problematic,' 'litigious,' or 'high-risk' by current and future defense contractors," resulting in an "informal blacklist." *Id.* at 6. Finally, Plaintiff argues that the legal vindication of her rights should not be conditioned on giving up her career. *Id.* The Court agrees. Plaintiff has shown that publicly disclosing her identity will result in much more than just "embarrassment." *See Femedeer*, 227 F.3d at 1246; *see also Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 63 (D.D.C. 2019) (considering employees' work environment when authorizing them to proceed anonymously in a case alleging that they were sexually assaulted). Plaintiff's workplace sexual assault allegations, coupled with her credible arguments that her career in a unique, highly specialized industry will be jeopardized by disclosing her name, show that this case is of a sufficiently "sensitive and personal nature," to justify proceeding via pseudonym. *Id.*

Additionally, Defendant will not be prejudiced by Plaintiff proceeding via pseudonym. Defendant knows Plaintiff's identity. Doc. 14 at 1. Defendant is not hampered in its efforts to investigate and defend against Plaintiff's allegations by her proceeding via a pseudonym. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name). Defendant may still disclose Plaintiff's identity to those who are involved in the litigation or reasonably necessary to involve for purposes of defending the case. Plaintiff's real name is on the docket, which cures the jurisdictional concerns. *See W.N.J.*, 257 F.3d at 1172; *see also* Doc. 4. Plaintiff's request to proceed via pseudonym is narrowly tailored as the filings in this case will remain public.

The Court notes that permission to proceed via pseudonym does not guarantee total anonymity. Hearings in this case will be open to the public. And because Plaintiff is proceeding *pro se*, she will likely be required to attend witness depositions where her identity will be

disclosed. Furthermore, there is a risk that further identifying information, shy of Plaintiff's name, will be included in pleadings. This order does not protect Plaintiff from any of these possibilities.

Plaintiff's Motion to Proceed Pseudonymously (Doc. 2) is hereby GRANTED. Plaintiff may proceed in this action as "Jane Doe." The Clerk's Office is ordered to make Plaintiff's Sealed Statement (Doc. 4) available to all "Case Participants." Defendant must refrain from disclosing Plaintiff's identity to anyone who does not have a reasonable, good faith need to know for the purposes of litigation.

JENNIFER M. ROZZONI
United States Magistrate Judge

5