IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff(s),

v.                                       1:26-cv-00561-KG-JMR

NATIONAL TECHNOLOGY AND
ENGNEERING SOLUTIONS OF SANDIA,
LLC, *doing business as Sandia National
Laboratories*,

      Defendant(s).

## ORDER DENYING MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendant's Motion to Stay Discovery Pending Resolution of it Motion to Dismiss. Doc. 20. Plaintiff, proceeding *pro se*, filed a response. Doc. 26. Defendant filed a reply. Doc. 30. Having reviewed the briefing and the relevant law, the Court hereby DENIES Defendant's motion.

Defendant "requests the Court grant a stay of discovery pending resolution of the Motion to Dismiss in the interest of judicial economy and mitigation of litigation costs." Doc. 20 at 1. Defendant explains that, in its view, it is entitled to dismissal without proceeding to discovery because Plaintiff fails to state a claim upon which relief can be granted. *Id.* at 2. Plaintiff opposes a discovery stay. Doc. 26.

This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants"). "The general rule is that a stay of discovery is not warranted unless the case will likely be

concluded as a result of the court's ruling on the pending motion." *Todd v. Montoya*, No. CIV 10-0106 JB/RLP, 2011 WL 13286329, at *4 (D.N.M. Jan. 18, 2011) (citation omitted). "While courts generally do not favor stays pending resolution of dispositive motions, there is discretion to do so. In particular, courts may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court." *Gardner v. Delta Dental Plan of New Mexico*, No. 1:20-CV-01271-MV-LF, 2021 WL 4263472, at *1 (D.N.M. Sept. 20, 2021) (citation omitted). "[I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided . . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful." *Schwab v. Kobach*, No. 18-CV-02488-DDC-GEB, 2019 WL 6771779, at *1 (D. Kan. Dec. 12, 2019).

The Court may also issue a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c); *Cisneros Design, Inc. v. Bd. of Cnty. Commissioners of Cnty. of Santa Fe, New Mexico*, No. CV 20-818 SCY-JHR, 2021 WL 720451, at *1 (D.N.M. Feb. 24, 2021). "Factors that courts may consider in deciding whether to grant a stay of discovery include: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Samson Res. Co. v. J. Aron & Co.*, No. 08-CV-752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009) (quotation omitted).

2

Here, the Court declines to stay discovery. Considering the factors set forth in *Samson Res. Co.* together, the Court is not persuaded strongly in favor of or against a stay. As such, the Court falls back to the general rule that discovery should not be stayed while dispositive motions are pending. *See Gardner*, 2021 WL 4263472, at *1.

The first stay factor—"plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay"—weighs slightly against staying the case. *See Samson Res. Co.*, 2009 WL 1606564, at *1. Plaintiff expresses interest in resolving this case quickly. Doc. 26 at 4–5. She believes a stay would "unfairly prejudice" her and "hinder efficient case resolution." *Id.* The Court agrees. *See* FED. R. CIV. P. 1 (The Federal Rules of Civil Procedure "should be construed . . . by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Defendant argues that Plaintiff will not be prejudiced because the stay will be "short" and "[t]he events at issue in this case occurred less than a year ago." Doc. 20 at 4. However, there is no guarantee that a stay pending the resolution of the motion to dismiss will be "short." While the Court attempts to resolve motions in a timely manner, efficient resolution of motions is not always possible. For these reasons, the Court finds that the first factor weighs slightly against a stay.

The second factor—"the burden on the defendants"—weighs in favor of a stay. *See Samson Res. Co.*, 2009 WL 1606564, at *1. Defendant argues that it should not bear "the significant burden and expense associated with searching, collecting, reviewing, and producing documents, not to mention responding to interrogatories or producing witnesses for deposition." Doc. 20 at 4. Proceeding with discovery will undoubtedly come at a cost for the Defendant. However, the cost associated with this case should not be particularly high. Plaintiff's claims are narrow and seemingly straightforward. *See* Doc. 15. The burden on Defendant here is no greater

than the burden on the defendants in any given case. Therefore, the Court finds that the second factor weighs in favor of a stay, but not heavily.

The third factor—"the convenience to the court"—weighs against a stay. *See Samson Res. Co.*, 2009 WL 1606564, at *1. This Court favors moving cases forward expeditiously. Should Defendant's motion to dismiss be denied, the Court would prefer that discovery already be well underway. Defendant argues that its Motion to Dismiss "has significant potential to result in complete dismissal of this case." Doc. 20 at 6. However, without deciding the merits of the Motion to Dismiss, it is difficult for the Court to say the same.[1] Facially, Plaintiff's complaint does not appear frivolous or obviously inactionable. Defendant also argues that the Court will be burdened by the parties' discovery disputes. But the Court has no reason to believe that discovery in this case will be meaningfully contentious. As such, the third factor weighs in favor of a stay.

The fourth factor—"the interests of persons not parties to the civil litigation"—is neutral. *See Samson Res. Co.*, 2009 WL 1606564, at *1. As also discussed in the fifth factor, "the public" has "a general interest in an efficient and just resolution of this case." *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *2 (D.N.M. Oct. 28, 2019). However, Defendant argues that non-party witnesses will have to expend "significant time" to prepare for depositions in this matter. Doc. 20 at 5. Defendant explains that there will be "numerous potential fact witnesses," and the "manager against whom Plaintiff's claims center" will bear a particular burden. *Id.* Weighing the general interest in a just, efficient resolution of the case against the general inconvenience to potential witnesses, the Court finds that the fourth stay factor is neutral.

---

[1] Because Plaintiff paid the filing fee, this case was not screened for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(ii).

The fifth factor—"the public interest"—is also equally weighted for and against a discovery stay. *See Samson Res. Co.*, 2009 WL 1606564, at *1. Again, "the public" has "a general interest in an efficient and just resolution of this case." *Mestas*, 2019 WL 5549913, at *2. Defendant explains that the United States government—and indirectly, the federal taxpayer— will cover the defense costs in this case because of Defendant's contract with the federal government. Doc. 20 at 5. Thus, Defendant argues that the public interest factor weighs in favor of a stay. However, weighing the two concerns together, the Court finds that the public interest factor weighs neither for nor against a discovery stay.

Considering all five factors together, the Court is not strongly persuaded in favor of or against a discovery stay. As such, the Court falls back on the general rule that discovery proceeds while a motion to dismiss is pending. *See Gardner*, 2021 WL 4263472, at *1.

Finally, Defendant argues that Plaintiff "is not entitled to discovery" until she satisfies the federal pleading standard. Doc. 30 at 1–3 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Defendant states that "the Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions,' and that where the 'complaint is deficient under Rule 8, [the plaintiff] is not entitled to discovery, cabined or otherwise.'" Doc. 30 at 2 (citing *Iqbal*, 556 U.S. at 678–79, 686). Notably, *Iqbal* involved defendants who asserted a qualified immunity defense. *Iqbal*, 556 U.S. at 666. Qualified immunity is, among other things, an "entitlement not to stand trial or face the other burdens of litigation." *Id.* at 672 (citation omitted). The Defendant here does not assert a qualified immunity defense, and thus, is not shielded from the "burdens of litigation." *Id.* While Plaintiff may not be absolutely entitled to discovery, Defendant, unlike the defendants in

*Iqbal*, is similarly not entitled to a discovery stay. Ultimately, the decision whether to stay

discovery is discretionary. *See Clinton*, 520 U.S. at 706.

Defendant's Motion to Stay Discovery Pending Resolution of its Motion to Dismiss

(Doc. 20) is hereby DENIED.


_____
JENNIFER M. ROZZONI
United States Magistrate Judge