IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

Plaintiff,

No. 1:26-CV-00561 KG/JMR

v.

NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA, LLC ("NTESS") d/b/a SANDIA NATIONAL LABORATORIES,

Defendant.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

THIS MATTER having come before the Court on the "Joint Motion for Entry of Stipulated Confidentiality and Protective Order" [Doc. 45], filed by Plaintiff Jane Doe and Defendant National Technology and Engineering Solutions of Sandia, LLC ("Sandia") (collectively, "the Parties") and the Court being fully advised in the premises, FINDS that the Joint Motion is well-taken and shall be granted. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the Court FINDS and hereby ORDERS as follows:

1. **Good Cause.** This action involves employment-related claims and defenses that are expected to require discovery concerning Plaintiff Jane Doe's employment and personnel records, as well as personnel and employment information concerning other current or former employees. Discovery may also include medical information, personal identifying information, internal investigations, complaints involving employees, and other non-public information concerning Defendant National Technology and Engineering Solutions of Sandia, LLC's ("NTESS" or "Sandia") operations. Disclosure of such information outside this litigation could unnecessarily invade the privacy interests of Plaintiff and non-parties, and with respect to Sandia's

non-public information, could result in disclosure of information that Sandia maintains as confidential. The Parties therefore have a legitimate need to exchange such information in discovery while limiting its use and dissemination and, thus, good cause exists for the entry of this "Stipulated Confidentiality and Protective Order" ("Protective Order").

2. **Confidential Information.** The provisions of this Protective Order apply only to documents, electronically-stored information ("ESI"), testimony, and other discovery material containing one or more of the following categories of information ("Confidential Information"):

(a) personnel files, performance evaluations, disciplinary records, compensation information, leave records, and other non-public employment records concerning Plaintiff or any current or former Sandia employee;

(b) medical, psychological, disability, or other health-related records or information concerning Plaintiff or any current or former Sandia employee;

(c) non-public complaints, reports, witness statements, investigation materials, findings, or related records concerning alleged employee misconduct, discrimination, harassment, retaliation, ethics violations, or other workplace complaints;

(d) personal identifying or financial information concerning Plaintiff, current or former employees, or other individuals, including dates of birth, personal telephone numbers and addresses, Social Security numbers, financial-account information, tax information, and similar private information;

(e) non-public proprietary, financial, commercial, technical, research, security, or operational information maintained by Sandia as confidential, the disclosure of which could reasonably harm Sandia's operations, security interests, or legitimate business interests; and

(f) information that Sandia is required to restrict from public disclosure pursuant to applicable federal law, regulation, Department of Energy directive or order, or other legally-binding restriction on dissemination.

Information that is publicly available or that has not previously been maintained in a confidential manner shall not constitute Confidential Information under this Protective Order merely because it falls within one of the foregoing general subject areas. Moreover, a party shall designate material as "CONFIDENTIAL" only when it has a good-faith basis to believe the material qualifies as Confidential Information.

3. **Designation of Confidential Information.** A party producing documents or other tangible materials containing Confidential Information ("Designating Party") may designate those materials "CONFIDENTIAL" by stamping or otherwise marking the material with that designation at the time of production. For electronically-produced materials, the designation may be made by an appropriate notation in the production or by other reasonable means that identifies the material as "CONFIDENTIAL."

A party may designate deposition testimony as Confidential Information by stating the designation on the record during the deposition or by providing written notice to the other parties within fifteen (15) business days after receipt of the transcript identifying the specific pages and lines containing Confidential Information. If a party states during the deposition that Confidential Information has been disclosed, the identified testimony shall be treated as confidential pending expiration of the aforementioned designation period.

4. **Inadvertent Failure to Designate.** The inadvertent failure to designate material as "CONFIDENTIAL" at the time of production shall not, standing alone, constitute a waiver of confidentiality under this Protective Order. Upon discovering the omission, the producing party

shall promptly notify the receiving party in writing and provide a replacement copy bearing the appropriate designation, if applicable. Upon receiving such notice, the receiving party shall thereafter treat the material as Confidential Information and shall make reasonable efforts to retrieve or destroy any undesignated copies previously distributed to persons who would not be authorized to receive the material under this Protective Order.

5. **Use of Confidential Information.** Confidential Information produced in this action shall be used solely for purposes of prosecuting, defending, attempting to settle, or otherwise resolving this action, including any appeal, and shall not be used for any business, competitive, personal, or other purpose unrelated to this litigation.

6. **Persons Authorized to Receive Confidential Information.** Subject to the other provisions of this Protective Order, Confidential Information may be disclosed only to:

(a) the Parties to this action, including Sandia employees or representatives whose involvement counsel reasonably determines is necessary to assist in the defense of this action;

(b) counsel of record for the Parties and attorneys, paralegals, legal assistants, clerical personnel, vendors, and litigation-support personnel working under their direction whose involvement is reasonably necessary for this litigation;

(c) experts or consultants retained in good faith in connection with this litigation, provided that expert or consultant first executes the Acknowledgment attached hereto as **Exhibit A**;

(d) witnesses or potential witnesses, but only to the extent the disclosing party or counsel reasonably determines disclosure is necessary for purposes of preparing for or providing

testimony, and provided that the witness or potential witness first executes the Acknowledgment attached hereto as **Exhibit** A;

(e) court reporters, videographers, and deposition-service personnel involved in this action;

(f) any mediator or settlement facilitator retained by the Parties or appointed by the Court; and

(g) any other person upon written agreement of the Designating Party or upon order of the Court.

Nothing in this Protective Order is intended to bind the Court, Court personnel, or jurors, or to restrict the Court's handling or use of any information presented to it.

7. **Challenges to Confidentiality Designations.** A party may challenge another party's designation of material as Confidential Information by providing written notice identifying the material challenged and the basis for the challenge. The Parties shall confer in good faith in an effort to resolve the dispute without Court intervention. If the Parties cannot resolve the dispute, either party may seek an appropriate determination from the Court after complying with the applicable meet-and-confer requirements. The party asserting confidentiality bears the burden of establishing that the challenged material is entitled to protection under Federal Rule of Civil Procedure 26(c). Until the Parties resolve the challenge or the Court rules on it, the material shall continue to be treated as Confidential Information.

8. **Court Filings.** The Parties acknowledge that this Protective Order does not entitle them to seal all confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under this Protective Order with the Court, that party must take appropriate action to ensure that the document receives proper

protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate, submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

The submitting party may file a document designated as confidential under this Protective Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal identifying the party that designated the material as confidential. If the party filing the document containing Confidential Information is the Designating Party, the motion for leave to file under seal shall include a declaration identifying the Confidential Information contained in the document and explaining why the document is sealable. If the party filing the document is not the Designating Party, the Designating Party must file a declaration identifying the Confidential Information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion for leave to file under seal. If the Designating Party does not file the required declaration within that period, the submitting party may file the document in the public record no earlier than four (4) days, and no later than ten (10) days, after the motion is denied.

Nothing in this Protective Order alters the standards governing whether any particular document may be filed under seal.

9. **Use at Hearings and Trial.** The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any

court hearing, provided that the proponent of the evidence gives advance notice of the intended use of the confidential document to opposing counsel as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection may be afforded to such information at the trial or hearing.

10. **Non-Parties.** Confidential Information produced by a non-party may be protected under this Protective Order only if it falls within one or more of the categories identified in Paragraph 2. A non-party may voluntarily agree to comply with this Protective Order by executing the Acknowledgment attached as **Exhibit A**. Nothing in this Protective Order requires a non-party to consent to the Court's jurisdiction or otherwise subjects a non-party to the terms of this Protective Order absent the non-party's voluntary agreement.

11. **New Parties.** If another party is added to this action, that party shall be provided with a copy of this Protective Order and given an opportunity to stipulate to or contest its terms before Confidential Information is disclosed to that party.

12. **Unauthorized Disclosure.** If Confidential Information is disclosed to any person not authorized to receive it under this Protective Order, the party responsible for or learning of the disclosure shall promptly notify the Designating Party and shall make reasonable efforts to retrieve the improperly disclosed information and prevent any further unauthorized disclosure.

13. **Other Objections and Privileges Preserved.** Nothing in this Protective Order requires the production of any document or information that is otherwise protected from disclosure. Nothing herein waives or limits any party's right to assert attorney-client privilege, work-product protection, governmental privilege, or any other applicable privilege, protection,

objection, or restriction on disclosure. Nor does designation of material as "CONFIDENTIAL" constitute an admission that the material is relevant, discoverable, or admissible.

14. **Legal Restrictions on Disclosure.** Nothing in this Protective Order alters, supersedes, or authorizes the violation of any applicable federal statute, regulation, Department of Energy directive or order, export-control requirement, security requirement, or other legally binding restriction governing access to or dissemination of information. If material responsive to discovery is subject to such a restriction, the Parties shall confer regarding an appropriate procedure for addressing its production.

15. **Return or Destruction.** Within thirty (30) days after final disposition of this action, including any appeal, upon written request from the producing party, each receiving party shall return or destroy Confidential Information produced by another party and shall, upon request, certify that it has done so. Counsel may retain archival copies of pleadings, motion papers, deposition transcripts and exhibits, expert reports, attorney work product, correspondence, and other litigation files that contain or reflect Confidential Information, provided that any retained Confidential Information remains subject to the terms of this Protective Order. This paragraph does not apply to documents filed with the Court or maintained by the Court as part of its official record.

16. **Continuing Obligations.** The obligations imposed upon the Parties by this Protective Order shall continue after final disposition of this action unless otherwise agreed by the Parties or ordered by the Court. Nothing in this paragraph shall be construed as providing that the Court retains jurisdiction after final disposition of the action.

17. **Modification.** Nothing in this Protective Order prevents any party from seeking modification of its terms for good cause. Before seeking Court intervention, the Parties shall confer in good faith regarding any requested modification.

18. **No Effect on Admissibility or Discoverability.** This Protective Order shall not prejudice any party's right to object to discovery, to seek discovery, to challenge the admissibility of evidence, or to object to the offering of any document or information into evidence.

IT IS SO ORDERED.

JENNIFER M. ROZZONI
United States Magistrate Judge

Submitted and Approved:

PLAINTIFF PRO SE
legalanonaz@proton.me

Approved via email – 14 September 2026
By: ______________________________
Jane Doe

- and -

STELZNER, WINTER, WARBURTON
FLORES & DAWES, P.A.
*Attorneys for Defendant*
P.O. Box 528
Albuquerque, NM 87103
(505) 938-7770
qsmith@stelznerlaw.com

/s/ Quentin Smith
By: ______________________________
Quentin Smith

**EXHIBIT A**

**ACKNOWLEDGMENT OF STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

I declare as follows:

1. I have received and read a copy of the Stipulated Confidentiality and Protective Order ("Protective Order") entered in *Jane Doe v. National Technology and Engineering Solutions of Sandia, LLC dba Sandia National Laboratories*, Case No. 1:26-CV-00561 KG/JMR.

2. The party or attorney arranging for me to obtain access to Confidential Information has explained to me the obligations imposed by the Protective Order.

3. I understand that Confidential Information is being provided to me pursuant to the terms of the Protective Order. I have read and understand the Protective Order and voluntarily agree to comply with its terms.

4. I agree that I will use Confidential Information disclosed to me solely for purposes of this litigation and will not disclose such information to any person except as permitted by the Protective Order.

5. At the conclusion of my involvement in this litigation, or earlier upon request of the party or attorney who provided the Confidential Information to me, I will return or securely destroy all Confidential Information provided to me, including copies, notes, summaries, or excerpts containing or reflecting such information, except as otherwise permitted by the Protective Order.

Date: ______________________ Signature: ___________________________________

Print Name: _________________________________